IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HELMER W. OBERG and ) | |
| KATHY LINDSEY, as Trustee of the Jeff ) | |
| Oberg Insurance Trust, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  20-2055-JWB |
| ) | |
| DANIEL H. LOWE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiffs' motion for default judgment (Doc. 6) and Plaintiffs' motion for order that the parties agreed to contract out of 28 U.S.C. § 1961 post-judgment interest (Doc. 11).  The court held a hearing on June 29, 2020. For the reasons stated herein, Plaintiffs' motions are GRANTED.

**I.    Facts and Procedural History**

On February 16, 2019, Defendant Lowe executed a promissory note in which he agreed to pay $849,637 to Plaintiff Oberg for sums received.  The interest on the note was 13.5%.  According to the terms, if Defendant defaulted on the note the default interest rate was 18.5%.  The note also required Defendant to pay any costs of collection including attorney's fees.  (Doc. 1, Exh. A.) Defendant defaulted on the note.  Oberg made demand for payment on October 16, 2019. Defendant has failed to pay the demand.

On February 16, 2019, Defendant also signed a promissory note to the Jeff Oberg Insurance Trust ("the trust note") for $473,113.  (Doc. 1, Exh. B.)  The terms of the trust note provided an

1

interest rate of 13.5%. The trust note also provided that upon default, the entire balance was due and that the interest shall be paid at the default rate or the maximum lawful rate of interest. Defendant failed to pay the trust note and a demand was made. Defendant has failed to pay the demand. Both notes provide for Missouri law to govern the interpretation of the notes.

On February 7, 2020, Oberg and Lindsey, as trustee for the trust, filed this breach of contract action against Defendant for failure to pay the notes. Defendant was served on February 12 and his answer was due March 4, 2020. (Doc. 4.) Defendant failed to file an answer. On March 31, Defendant executed a document titled "order entered final confessed judgment." (Doc. 6, Exh. A.) In that confessed judgment, Defendant admitted that he was in default and agreed to the entry of a final judgment. The proposed judgment was the full amount of the notes, including the past due interest at the rates of 18.5% for the note and 13.5% for the trust note. Defendant also agreed to pay the attorney fees of $8,245.00.

Plaintiffs have moved for default judgment and seek judgment for the principal amounts due under the notes, attorney fees, and pre-judgment and post-judgment rates to be calculated at the rate set forth in the notes. The court held a hearing on the motion for default judgment regarding the post-judgment interest rate and the issue of whether §1961 controlled. Plaintiffs have now filed a motion in support of their position.

**II.     Analysis**

This breach of contract action is brought pursuant to this court's jurisdiction under 28 U.S.C. 1332. In a diversity action, the post-judgment interest rate is established by federal law. *See Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008).

28 U.S.C. § 1961(a) provides as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of

2

judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

The Tenth Circuit has held that the pre-judgment rate is set by state law and that parties may contract out of the post-judgment statutory rate. *See In re Riebesell*, 586 F.3d 782, 794–95 (10th Cir. 2009); *Youngs*, 537 F.3d at 1146. Plaintiffs argue that they have contracted out of the post-judgment interest rate by providing for a default rate in the notes and agreeing to a stipulated judgment in which the default rates apply. (Doc. 11 at 4.) The Tenth Circuit has previously held that a contractual default rate is not sufficient to show that the parties agreed to contract out of the post-judgment statutory rate. *In re Riebesell*, 586 F.3d at 794–95. In this case, however, Defendant has signed a stipulated confessed judgment where he agreed to the post-judgment interest rate as the default interest rates from the notes. Therefore, the court finds that the parties have shown that they "want to override the general rule" and expressed their "intent through clear, unambiguous and unequivocal language." *Id.* at 794; *see also F.D.I.C. v. Cromwell Crossroads Assocs., Ltd. P'ship*, 480 F. Supp. 2d 516, 528 (D. Conn. 2007) (stipulated judgment provides for a different rate).

### III.  Conclusion

Plaintiffs' motion for default judgment (Doc. 6) and Plaintiffs' motion for order that the parties agreed to contract out of 28 U.S.C. § 1961 post-judgment interest (Doc. 11) are GRANTED. IT IS SO ORDERED. Dated this 15th day of July 2020.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

3