IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HELMER W. OBERG, an individual, and KATHEY LINDSEY as Trustee of the JEFF OBERG INSURANCE TRUST,<br><br>  Plaintiffs/Judgment Creditors,<br><br>v.<br><br>DANIEL H. LOWE,<br><br>  Defendant/Judgment Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 20-2055-JWB-GEB<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1)(C), may file written objections thereto.  A party must file any objections within the fourteen-day period if the party wants to have either de novo and/or appellate review of the proposed recommended disposition. If no objections are timely filed, no review will be allowed.[1]

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs/Judgment Creditors ("Plaintiffs") filed their Amended Application for Issuance of Charging Orders Against the Limited Liability Company Interests of Defendant/Judgment Debtor Daniel H. Lowe ("Amended Application") on October 21,

---

[1] *Cole v. City of Aurora, Colorado*, 738 F. App'x 923, 926 (10th Cir. 2018) ( "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

2020 (ECF No. 31). District Judge John W. Broomes, by his October 22, 2020 Order (ECF No. 32), referred the Amended Application to the undersigned Magistrate Judge. Because 28 U.S.C. §636 does not expressly authorize a magistrate judge to consider post-judgment motions[2] and the parties have not consented under 28 U.S.C. §636(c), the undersigned Magistrate Judge proceeds by Report and Recommendation.

## I.   FINDINGS OF FACT

Plaintiffs brought this diversity action against Defendant/Judgment Debtor ("Defendant") asserting claims of breach of contract and monies lent related to two promissory notes. Plaintiffs allege Defendant failed to repay the sums agreed under the terms of the notes. On February 12, 2020, Plaintiffs served the Complaint upon Defendant, by leaving the summons at his usual place of abode with his daughter, a person of suitable age and discretion who lives there (ECF No. 4). Defendant failed to answer or otherwise respond.

On May 21, 2020, Plaintiffs filed a Motion for Default and Judgment (ECF No. 6) and the matter was heard by District Judge John W. Broomes on June 29, 2020. Plaintiffs, on July 6, 2020, filed their Motion for Order that the Parties Agreed to Contract Out of 28

---

[2] *See Colorado Bldg. & Const. Trade Council v. B.B. Andersen Const. Co., Inc.*, 879 F.2d 809, 811 (10th Cir. 1989) ("Section 636 does not expressly authorize a district court to designate a magistrate to handle post-judgment matters. Subsection (b) does have an inclusive provision which allows a district court to assign a magistrate 'such additional duties as are not inconsistent with the Constitution and laws of the United States.'"); *Stallings v. Ritter*, 345 F. App'x 366, 368 (10th Cir. 2009) ("28 U.S.C. § 636 does not directly address a magistrate judge's authority to enter post-judgment motions."); *The Soc. of Lloyd's v. Bennett*, 204 F. App'x 728, 731 (10th Cir. 2006) (although declining to reach the merits, the court acknowledged the parties raised "interesting and complex arguments concerning the scope of a magistrate judge's authority to issue post-judgment orders under the Federal Magistrates Act").

U.S.S. §1961 Post-Judgment Interest (ECF No. 11). On July 15, 2020, Judge Broomes granted the motions and filed an Order Entering Final Confessed Judgment (ECF Nos. 12 & 13) in the amount of $1,535,944.44 in principal, as well as interest[3] and attorneys' fees and costs incurred through March 24, 2020 and continuing until satisfaction of the judgment amount.

On October 8, 2020, Plaintiffs filed their initial Application for Issuance of Charging Orders Against the Limited Liability Company Interests of the Defendant. (ECF No. 20). On October 19, 2020, the undersigned Magistrate Judge denied Plaintiffs' initial Application for Charging Orders without prejudice, allowing Plaintiffs to refile their Application attesting timely service on Defendant (ECF No. 29). Plaintiffs filed their Amended Application (ECF No. 31) and on October 27, 2020, personal service of the Amended Application was perfected on Defendant (ECF No. 34).

## II.    PARTIES' POSITIONS

In their Amended Application, Plaintiffs allege upon information and belief, Defendant holds an interest in the following limited liability companies:

- 1Legacy Brokerage, LLC
- Legacy Brentwood, LLC
- Legacy CB, LLC
- Legacy Council Bluffs Marketplace, LLC

---

[3] Interest on the principal balance owed on the Promissory Note in favor of Plaintiff Oberg continues to accrue until paid in full at the default rate of 18.50% per annum subsequent to March 24, 2020, at a per diem of $430.64. Interest on the principal balance owed on the Promissory Note in favor of the Plaintiff Trustee continues to accrue until paid in full at the default rate of 13.50% per annum subsequent to March 24, 2020, at a per diem of $174.99.

- Legacy Legends 26, LLC
- Legacy Liberty, LLC
- Legacy OP26B, LLC
- Legacy Venture Partners, LLC
- Legacy Venture West Development, LLC
- Legacy VI Development, LLC
- Legacy VI, LLC
- Legacy Wyandotte, LLC
- Park Pad 3, LLC
- Park Pad, LLC
- Red Legacy TC, LLC
- Venture Six Development, L.L.C.
- Venture Six Management, L.L.C.
- Venture West Brentwood, LLC
- Venture West Development, L.L.C.

Plaintiffs further allege they "hold a good faith belief that the party to be served with Writ of Execution has, or will have, assets of the Judgment Debtor."

In Defendant's responsive pleading to Plaintiffs' Amended Application (ECF No. 44), he alleges seven[4] of the 19 enumerated limited liability companies are no longer in existence. He further alleges he is only an "owner" in Venture West Development, LLC and it is Venture West Development, LLC which then has "ownership" in the various other entities. But Defendant provides no evidence whether any of the limited liability

---

[4] Defendant alleges Legacy Brentwood, LLC; Legacy Legends 26, LLC; Legacy OP26B, LLC; Legacy Venture Partners, LLC; Park Pad 3, LLC; Park Pad, LLC; and Venture West Brentwood, LLC no longer exist.

4

companies, even if no longer in active operation, continue to hold assets or funds to be distributed to its members or holders of a limited liability company interest.

**CONCLUSIONS OF LAW**

    **A. Jurisdiction to Issue the Requested Charging Order**

Plaintiff's post-judgment request for LLC charging orders is authorized by Fed. R. Civ. P. 69(a)(1), which provides "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Where this Court is in Kansas and there is no applicable federal statute,[5] the Court looks to the Kansas statute governing the rights of judgment creditors in a judgment debtor's interest in limited liability company interest to satisfy a judgment. K.S.A. § 17-76,113, provides, in pertinent part: "On application by a judgment creditor of a member or of a member's assignee, a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment."[6]

There are multiple ways the Court could have jurisdiction to enter the charging order,[7] and at least two could be applicable here. Defendant is a citizen of Kansas.[8] If

---

[5] *See Arvest Bank v. Byrd*, No. 10-02004, 2014 WL 4161987, at *2 (W.D. Tenn. Aug. 19, 2014) ("No federal statute governs enforcement of a judgment against a member's interest in a limited liability company.").

[6] K.S.A. 17-76,113.

[7] *See* Carter G. Bishop, *LLC Charging Orders: A Jurisdictional & Governing Law Quagmire*, 12 No. 3 BUSENT 14, 21 (May/June 2010) (identifying three ways a court can have jurisdiction to enter an LLC charging order: (1) Personal jurisdiction over the member, (2) In rem jurisdiction over the LLC membership interest to be charged, or (3) Personal jurisdiction over the LLC itself).

[8] Complaint, p. 1, para. 3. (ECF No. 1).

Defendant were not a citizen of Kansas, the Court would have in rem jurisdiction over his interests in the various limited liability company interests, all of which were formed in Kansas.[9] Thus, the Court continues to have jurisdiction over both Plaintiff and Defendant,[10] including jurisdiction to enter a charging order under K.S.A. § 17-76,113 against any of Defendant's interests in the 19 enumerated limited liability companies.

## **RECOMMENDATIONS**

Finding this Court has jurisdiction over Plaintiffs' Amended Application as described above, and finding Plaintiffs are entitled to a charging order as authorized by Fed. R. Civ. P. 69(a)(1) and K.S.A. § 17-76,113,

**IT IS THEREFORE RECOMMENDED THAT** Plaintiffs' Amended Application for Issuance of Charging Orders Against the Limited Liability Company Interests of Defendant/Judgment Debtor Daniel H. Lowe (**ECF No. 31**) be **GRANTED** and a charging order be entered in favor of Plaintiffs against any interests of Defendant Daniel H. Lowe in the 19 enumerated limited liability companies, pursuant to K.S.A. § 17-76,113 in the form attached to the Report and Recommendation as Attachment A.

Respectfully submitted.

Dated January 4, 2021.

/s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[9] *See* Fed. R. Civ. P. 4(n)(2) (permitting the court to assert in rem jurisdiction over the defendant's assets found in the district if court cannot obtain personal jurisdiction over defendant).

[10] *See Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 23 (1825) ("The jurisdiction of a Court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied.").

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HELMER W. OBERG, an individual, and KATHEY LINDSEY as Trustee of the JEFF OBERG INSURANCE TRUST,** | )<br>)<br>)<br>) |
| **Plaintiffs/Judgment Creditors,** | )<br>) |
| v. | )  Case No. 20-2055-JWB-GEB |
| **DANIEL H. LOWE,** | )<br>)<br>) |
| **Defendant/Judgment Debtor.** | )<br>) |

### **CHARGING ORDER PURSUANT TO K.S.A. § 17-76,113**

Plaintiffs/Judgment Creditors ("Plaintiffs") filed their Amended Application for Issuance of Charging Orders Against the Limited Liability Company Interests of Defendant/Judgment Debtor Daniel H. Lowe ("Amended Application") on October 21, 2020 (ECF No. 31), pursuant to K.S.A. § 17-76,113, for the purpose of collecting the unsatisfied judgment entered in this case. The Court finds that on July 15, 2020, it filed an Order Entering Final Confessed Judgment (ECF No. 13) in the amount of $1,535,944.44 in principal, as well as interest and attorneys' fees and costs incurred through March 24, 2020. Interest on the principal balance owed on the Promissory Note in favor of Plaintiff Oberg continues to accrue until paid in full at the default rate of 18.50% per annum subsequent to March 24, 2020, at a per diem of $430.64. Interest on the principal balance owed on the Promissory Note in favor of Plaintiff Trustee continues to accrue until paid in full at the default rate of 13.50% per annum subsequent to March 24, 2020, at a per diem

of $174.99. Plaintiffs are entitled to reasonable attorneys' fees and other costs of collection until satisfaction of the judgment amount ("Judgment"). The Court further finds the Judgment remains unsatisfied. Plaintiffs allege in their Amended Application they have a good faith belief the 19 enumerated limited liability companies has or will have assets of Defendant.

**IT IS HEREBY ORDERED** any interests of Defendant Daniel H. Lowe in the 19 enumerated limited liability companies below are hereby charged with the unpaid balance of the Judgment entered in favor of Plaintiffs.

- 1Legacy Brokerage, LLC
- Legacy Brentwood, LLC
- Legacy CB, LLC
- Legacy Council Bluffs Marketplace, LLC
- Legacy Legends 26, LLC
- Legacy Liberty, LLC
- Legacy OP26B, LLC
- Legacy Venture Partners, LLC
- Legacy Venture West Development, LLC
- Legacy VI Development, LLC
- Legacy VI, LLC
- Legacy Wyandotte, LLC
- Park Pad 3, LLC
- Park Pad, LLC
- Red Legacy TC, LLC
- Venture Six Development, L.L.C.
- Venture Six Management, L.L.C.

- Venture West Brentwood, LLC
- Venture West Development, L.L.C.

**IT IS FURTHER ORDERED** the above 19 enumerated limited liability companies shall pay any money or property due to or to become due to Defendant Daniel H. Lowe directly to Plaintiffs until the amount remaining due on the Judgment, plus all accrued interest, attorneys' fees, and costs thereon, is paid in full.

**IT IS FURTHER ORDERED** to the extent so charged, Plaintiffs only have the right to receive any distribution or distributions to which Defendant Daniel H. Lowe would otherwise have been entitled with respect to any interest in the 19 enumerated limited liability companies. K.S.A. § 17-76,113(a).

**IT IS FURTHER ORDERED** this charging order constitutes a lien on any interests of Defendant Daniel H. Lowe in the 19 enumerated limited liability companies. K.S.A. § 17-76,113(b).

**IT IS FURTHER ORDERED** no creditor of a member or of a member's assignee, including Plaintiffs, shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the 19 enumerated limited liability company. K.S.A. § 17-76,113(e).

**IT IS FURTHER ORDERED** to the extent Defendant Daniel H. Lowe claims he is not a member of (K.S.A. § 17-7663(i)) or does not own a limited liability company interest in (K.S.A. § 17-7663(g)) any of the 19 enumerated limited liability companies, within 14 days of the entry of this Charging Order, he shall file a Motion for Release of

Charging Order documenting the current member roll of any such limited liability company.

**IT IS FURTHER ORDERED** Plaintiffs shall serve a copy of this Charging Order upon the 19 enumerated limited liability companies and shall file a certificate of service indicating the manner and date of service within 60 days of the entry of this Charging Order.

**IT IS SO ORDERED, on this** \_\_\_\_ **day of** _____

_____
JOHN W. BROOMES
U.S. DISTRICT JUDGE