## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HELMER W. OBERG, an individual, and** ) | |
| **KATHEY LINDSEY as Trustee of the JEFF** ) | |
| **OBERG INSURANCE TRUST,** ) | |
| ) | |
| **Plaintiffs/Judgment Creditors,** ) | |
| ) | |
| **v.** ) | **Case No. 20-2055-JWB-GEB** |
| ) | |
| **DANIEL H. LOWE,** ) | |
| ) | |
| **Defendant/Judgment Debtor.** ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1)(C), may file written objections thereto. A party must file any objections within the fourteen-day period if the party wants to have either de novo and/or appellate review of the proposed recommended disposition. If no objections are timely filed, no review will be allowed.[1]

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs/Judgment Creditors ("Plaintiffs") filed their Application for Issuance of Charging Orders Against the Limited Liability Company Interests of Defendant/Judgment Debtor Daniel H. Lowe ("Application") on December 2, 2021.[2] The Application was

---

[1] *Cole v. City of Aurora, Colorado*, 738 F. App'x 923, 926 (10th Cir. 2018) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[2] ECF No. 53.

referred to the undersigned Magistrate Judge. 28 U.S.C. §636 does not expressly authorize a magistrate judge to consider post-judgment motions.[3] Because the parties have not consented under 28 U.S.C. §636(c), the undersigned Magistrate Judge proceeds by Report and Recommendation.

## I.    FINDINGS OF FACT

Plaintiffs brought this diversity action against Defendant/Judgment Debtor ("Defendant") asserting claims of breach of contract and monies lent related to two promissory notes totaling $1,322,750. Plaintiffs allege Defendant failed to repay the sums agreed under the terms of the notes. On February 12, 2020, Plaintiffs served the Complaint upon Defendant, by leaving the summons at his usual place of abode with his daughter, a person of suitable age and discretion who also lives there.[4] Defendant failed to answer or otherwise respond.

On May 21, 2020, Plaintiffs filed a Motion for Default and Judgment[5] and the matter was heard by District Judge John W. Broomes on June 29, 2020. Plaintiffs, on July 6, 2020, filed their Motion for Order that the Parties Agreed to Contract Out of 28 U.S.S. §1961

---

[3] *See Colorado Bldg. & Const. Trade Council v. B.B. Andersen Const. Co., Inc.*, 879 F.2d 809, 811 (10th Cir. 1989) ("Section 636 does not expressly authorize a district court to designate a magistrate to handle post-judgment matters. Subsection (b) does have an inclusive provision which allows a district court to assign a magistrate 'such additional duties as are not inconsistent with the Constitution and laws of the United States.'"); *Stallings v. Ritter*, 345 F. App'x 366, 368 (10th Cir. 2009) ("28 U.S.C. § 636 does not directly address a magistrate judge's authority to enter post-judgment motions."); *The Soc. of Lloyd's v. Bennett*, 204 F. App'x 728, 731 (10th Cir. 2006) (although declining to reach the merits, the court acknowledged the parties raised "interesting and complex arguments concerning the scope of a magistrate judge's authority to issue post-judgment orders under the Federal Magistrates Act").

[4] ECF No. 4.

[5] ECF No. 6.

Post-Judgment Interest.[6] On July 15, 2020, Judge Broomes granted the motions and filed

an Order Entering Final Confessed Judgment[7] in the amount of $1,535,944.44 in principal

as well as interest[8] and attorneys' fees and costs incurred through March 24, 2020, and

continuing until satisfaction of the judgment amount. Plaintiffs filed this Application on

December 2, 2021.[9] Defendant did not file a responsive pleading.

## II.    PLAINTIFFS' POSITION

In their Application, Plaintiffs allege upon information and belief, Defendant holds

an interest in the following limited liability company:

- Manor DHL LLC

Plaintiffs further allege they "hold a good faith belief that the party to be served with Writ

of Execution has, or will have, assets of the Judgment Debtor."

## III.    CONCLUSIONS OF LAW

### A. Jurisdiction to Issue the Requested Charging Order

Plaintiffs' post-judgment request for LLC charging orders is authorized by Fed. R.

Civ. P. 69(a)(1), which provides "[t]he procedure on execution—and in proceedings

supplementary to and in aid of judgment or execution—must accord with the procedure of

the state where the court is located, but a federal statute governs to the extent it applies."

---

[6]  ECF No. 11.
[7]  ECF Nos. 12 & 13.
[8]  Interest on the principal balance owed on the Promissory Note in favor of Plaintiff Oberg continues to accrue until paid in full at the default rate of 18.50% per annum subsequent to March 24, 2020, at a per diem of $430.64. Interest on the principal balance owed on the Promissory Note in favor of the Plaintiff Trustee continues to accrue until paid in full at the default rate of 13.50% per annum subsequent to March 24, 2020, at a per diem of $174.99.
[9]  ECF No. 53.

Where this Court is in Kansas and there is no applicable federal statute,[10] the Court looks to the Kansas statute governing the rights of judgment creditors in a judgment debtor's interest in limited liability company interest to satisfy a judgment. K.S.A. § 17-76,113, provides, in pertinent part: "[o]n application by a judgment creditor of a member or of a member's assignee, a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment."[11]

There are multiple ways the Court could have jurisdiction to enter the charging order,[12] and at least two could be applicable here. Defendant is a citizen of Kansas.[13] If Defendant were not a citizen of Kansas, the Court would have in rem jurisdiction over his interests in the various limited liability company interests, all of which were formed in Kansas.[14] Thus, the Court continues to have jurisdiction over both Plaintiff and Defendant,[15] including jurisdiction to enter a charging order under K.S.A. § 17-76,113 against Defendant's interests in the limited liability company identified.

---

[10] *See Arvest Bank v. Byrd*, No. 10-02004-SHM, 2014 WL 4161987, at *2 (W.D. Tenn. Aug. 19, 2014) ("No federal statute governs enforcement of a judgment against a member's interest in a limited liability company.").

[11] K.S.A. 17-76,113.

[12] *See* Carter G. Bishop, *LLC Charging Orders: A Jurisdictional & Governing Law Quagmire*, 12 No. 3 BUSENT 14, 21 (May/June 2010) (identifying three ways a court can have jurisdiction to enter an LLC charging order: (1) Personal jurisdiction over the member, (2) In rem jurisdiction over the LLC membership interest to be charged, or (3) Personal jurisdiction over the LLC itself).

[13] Complaint, p. 1, para. 3. (ECF No. 1).

[14] *See* Fed. R. Civ. P. 4(n)(2) (permitting the court to assert in rem jurisdiction over the defendant's assets found in the district if court cannot obtain personal jurisdiction over defendant).

[15] *See Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 23 (1825) ("The jurisdiction of a Court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied.").

## <u>RECOMMENDATIONS</u>

Finding this Court has jurisdiction over Plaintiffs' Application as described above, and finding Plaintiffs are entitled to a charging order as authorized by Fed. R. Civ. P. 69(a)(1) and K.S.A. § 17-76,113,

**IT IS THEREFORE RECOMMENDED THAT** Plaintiffs' Application for Issuance of Charging Orders Against the Limited Liability Company Interests of Defendant/Judgment Debtor Daniel H. Lowe **(ECF No. 53)** be **GRANTED** and a charging order be entered in favor of Plaintiffs against any interests of Defendant Daniel H. Lowe in Manor DHL LLC, pursuant to K.S.A. § 17-76,113 in the form attached to the Report and Recommendation as Attachment A.

Respectfully submitted.

Dated January 18, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HELMER W. OBERG, an individual, and  )
KATHEY LINDSEY as Trustee of the JEFF)
OBERG INSURANCE TRUST,        )
                )
      Plaintiffs/Judgment Creditors,   )
                )
v.                  )    Case No. 2:20-CV-02055-CM-GEB
                )
DANIEL H. LOWE,        )
                )
      Defendant/Judgment Debtor.   )

## <u>CHARGING ORDER</u>

The Court, having reviewed the Judgment at issue in this matter (ECF. No. 13), and

the *Application for Issuance of Charging Order Against the Limited Liability Company*

*Interests of Defendant/Judgment Debtor Daniel H. Lowe* (ECF No. 53) of

Plaintiffs/Judgment Creditors Helmer W. Oberg ("Oberg"), an individual, and Kathey

Lindsey as Trustee of the Jeff Oberg Insurance Trust (the "Trust") (collectively, "Judgment

Creditors") hereby finds:

That the Judgment Creditors are the holders of a Judgment against

Defendant/Judgment Debtor Daniel H. Lowe; and

That as judgment creditors, pursuant to K.S.A. 17-76,113, the Judgment Creditors

are entitled to attach its Judgment to the interests of the Judgment Debtor in any limited

liability company in which the Judgment Debtor may hold an interest by issuance of a

Charging Order.

Consequently, it is hereby:

**ORDERED** that the limited liability company interests of Defendant/Judgment Debtor Daniel H. Lowe, of which he is a member or the sole member of the following limited liability company:

- **Manor DHL, LLC**

Is hereby charged with the full amount of the Judgment held by the Judgment Creditors, such that the Judgment Creditors receive any distribution or distributions to which Defendant/Judgment Debtor would otherwise have been entitled in respect of his interests in the above limited liability companies.

IT IS FURTHER ORDERED that any distribution or distributions to which the Judgment Debtor would otherwise have been entitled in respect of such limited liability interest shall be paid directly to counsel for the Judgment Creditors, and credited against the Judgment.

IT IS FURTHER ORDERED that counsel for the Judgment Creditors shall cause a copy of this Order to be served on each entity listed above by regular and certified mail, and file a return or returns with the Court within 60 days of this Order.

IT IS SO ORDERED.

Dated: _____

_____
**UNITED STATES DISTRICT JUDGE**